# Exhibit 1

## **AGREEMENT**

THIS AGREEMENT, effective as of the date of full execution (the "Effective Date"), is by and between, on the one hand, Cartier International AG, a Swiss public limited company located and doing business at Hinterbergstrasse 22, 6312 Steinhausen, Switzerland ("Cartier International"), and Cartier, a division of Richemont North America, Inc., a Delaware corporation located and doing business at 645 Fifth Avenue, New York, New York 10022 ("RNA," and together with Cartier International, "Plaintiffs"); and, on the other hand, Iris & Eileen's Fine Jewelry, Inc., a Florida corporation located and doing business at 8221 Glades Road, Boca Raton, Florida 33434 ("Defendant") (each of Cartier International, RNA, and Defendant a "Party" and collectively the "Parties").

WHEREAS, Plaintiffs have used the mark CARTIER since at least as early as 1859 in connection with their business and jewelry products;

WHEREAS, Cartier International owns multiple federal trademark registrations for the CARTIER mark, including but not limited to U.S. Registration Nos. 411,239, 759,202, 411,240, and 4,178,047;

WHEREAS, Plaintiffs own the trade dress for a collection of jewelry items having the distinctive appearance of a flat metal band punctuated by a repeating pattern of simulated screw head designs (the "LOVE Trade Dress"), an example of which is shown below:



WHEREAS, Cartier International owns multiple federal registrations for the LOVE Trade Dress or certain aspects thereof, including but not limited to U.S. Registration Nos. 1,372,423, 3,162,410, and 3,776,794;

WHEREAS, Defendant offered for sale, sold, and promoted (i) jewelry products bearing imitations of the CARTIER mark and/or the LOVE Trade Dress, and (ii) jewelry products bearing imitations of the trade dress for the Alhambra jewelry design (the "Alhambra Trade Dress"), as shown below:



(all products bearing imitations of the CARTIER mark, LOVE Trade Dress, or Alhambra Trade Dress, the "Infringing Products");

WHEREAS, on July 12, 2018, 2018, Plaintiffs commenced a civil action against Defendant in the United States District Court for the Southern District of Florida, captioned *Cartier International AG and Cartier, a division of Richemont North America, Inc. v. Iris & Eileen's Fine Jewelry, Inc.*, No. 18 Civ. 80921 (RLR) (the "Litigation");

WHEREAS, on October 31, 2018, Plaintiffs filed an Amended Complaint, asserting claims for counterfeiting, trade dress infringement, unfair competition, and dilution under the Lanham Act; and

WHEREAS, Plaintiffs and Defendant desire to settle the disputes and controversies underlying the Litigation fully and finally.

NOW, THEREFORE, in consideration of the promises and undertakings contained herein and for other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties, intending to be legally bound, agree as follows:

1. **Defendant's Representations and Warranties**.  As a condition for the settlement of Plaintiffs' claims against Defendant, Defendant hereby makes the following representations and warranties, all of which are material terms of and form the basis for entry into this Agreement:

(a) Defendant's sole sources for the Infringing Products were the three sources that Defendant already has provided to Plaintiffs.

(b) Defendant did not manufacture any of the Infringing Products.

(c) Defendant's total sales from the Infringing Products were not more than $10,000.

(d) Defendant has no pending orders to purchase or obtain any Infringing Products, and has no outstanding purchase orders requiring it to deliver any Infringing Products to consumers.

(e) Defendant does not have any Infringing Products remaining in its possession or inventory.

**2.	Defendant's Acknowledgement and Undertakings**.

(a)	Defendant acknowledges Plaintiffs' rights in the CARTIER mark, LOVE Trade Dress, and Alhambra Trade Dress, and undertakes not to take any action to object to or interfere with the use or registration of the CARTIER mark, LOVE Trade Dress, or Alhambra Trade Dress.

(b)	Defendant shall forever cease and desist from manufacturing, importing, exporting, distributing, marketing, advertising, promoting, offering for sale, and selling the Infringing Products or any other products that bear imitations of or are likely to cause confusion with the CARTIER mark, LOVE Trade Dress, or Alhambra Trade Dress regardless of the color or material composition of the various parts thereof.

(c)	Within six (6) months of the Effective Date, Defendant shall pay to Plaintiffs a total amount of ten thousand dollars ($10,000) (the "Settlement Amount").  The Settlement Amount shall be paid by check payable to Fross Zelnick Lehrman & Zissu, P.C., as attorneys for Plaintiffs, and sent to Fross Zelnick Lehrman & Zissu, PC, Attn: John Margiotta, 4 Times Square, 17th Floor, New York, NY 10036.  Any failure by Defendant to pay the Settlement Amount to Plaintiffs shall entitle Plaintiffs to a judgment for the Settlement Amount.  Defendant shall execute all documentation to effectuate such judgment within seven (7) days of notice, subject to a three-day notice and cure.

(d)	Defendant may not authorize, assist, aid, or abet any third party in taking any action that Defendant is prohibited from taking under the terms of this Agreement.

**3.	Dismissal of Litigation**.  Within three (3) business days of the Effective Date, the Parties shall execute the Stipulation of Dismissal attached as Exhibit A, which dismisses the Litigation without prejudice and requests that the Court maintain jurisdiction to enforce the terms of this Agreement.  This Agreement shall be filed with the Court as an attachment to the Stipulation of Dismissal.  The Parties agree that the effectiveness of any dismissal of the Litigation is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of this Agreement.

**4.	Mutual Releases**.  Based on the accuracy of the statements, representations, and warranties made in this Agreement:

(a)	Plaintiffs for themselves and on behalf of their past, present, and future officers, directors, members, agents, legal representatives, affiliates, subsidiaries, parents, predecessors, successors, and assigns, acting in their capacity as such for either of Plaintiffs, forever release and fully discharge Defendant and its officers, directors, members, agents, legal representatives, affiliates, subsidiaries, parents, predecessors, successors, and assigns, from any and all claims, causes of action, charges, grievances, obligations, rights, demands, debts, damages, costs, losses, or liabilities, whether known or unknown, matured or unmatured, related to Defendant's offering for sale and sale of the Infringing Products that Plaintiffs asserted or could have asserted in the Litigation up to the Effective Date.

(b) Defendant for itself and on behalf of its past, present, and future officers, directors, members, agents, legal representatives, affiliates, subsidiaries, parents, predecessors, successors, and assigns, forever release and fully discharge Plaintiffs and each of their officers, directors, members, agents, legal representatives, affiliates, subsidiaries, parents, predecessors, successors, and assigns, from any and all claims, causes of action, charges, grievances, obligations, rights, demands, debts, damages, costs, losses, or liabilities, whether known or unknown, matured or unmatured, that Defendant asserted or could have asserted in the Litigation up to the Effective Date.

(c) Nothing in this Agreement shall be construed as a release of claims for breach of this Agreement, or for conduct occurring after execution of this Agreement.

5. **Breach**.

(a) If Plaintiffs prove that Defendant breached any of its obligations under this Agreement, the Parties agree that Plaintiffs have suffered irreparable harm and shall be entitled to appropriate injunctive relief against Defendant, and further agree that damages are not readily ascertainable and Plaintiffs shall be entitled to the following monetary relief, which is cumulative:

    i. to the extent any of the representations are deemed by the Court to be materially false, Defendant shall pay to Plaintiffs $5,000 for each representation that is false;

    ii. liquidated damages in the sum of $10,000 for each individual product (not type of product, but product) offered for sale in violation of this Agreement;

    iii. disgorgement to Plaintiffs of all profits Defendant received in connection with selling any products that are prohibited under the terms of this Agreement. For purposes of assessing such profits, Defendant shall provide a list of all items purchased from third parties and shall disclose the price at which Defendant sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendant and the purchase price Defendant paid;

    iv. all investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Agreement; and

    v. all of Plaintiffs' costs and attorneys' fees incurred in connection with discovering any violation or breach of this Agreement, assessing the violation or breach of this Agreement, advising Defendant or its counsel of any violation or breach of this Agreement, and bringing any action for violation or breach of this Agreement.

(b) In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act or any other law.

6. **Attorneys' Fees and Costs**.  Each Party shall be responsible for its own attorneys' fees, costs, and related expenses incurred in connection with the Litigation and the settlement thereof.

**7.     Governing Law and Jurisdiction**.  This Agreement is made and entered into in the State of Florida and shall in all respects be interpreted, enforced, and governed under the laws of Florida.  The Parties agree that jurisdiction for any legal action brought under this Agreement shall be in the United States District Court for the Southern District of Florida or other court of competent jurisdiction located within Florida. In any claim arising out of a breach of this Agreement, Defendant expressly waives the right to challenge the United States District Court for the Southern District of Florida as a proper venue and also expressly waives the right to challenge that the United States District Court for the Southern District of Florida may maintain personal jurisdiction over it.

**8.     General Provisions**.

(a)     Interpretation.  The Parties agree that they have jointly drafted this Agreement and that any rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement.

(b)     Binding Nature.  This Agreement shall be binding on and inure to the benefit of the Parties, their successors, assigns, licensees, affiliates, and all others acting by or through them or with or under their direction or in privity with them.

(c)     Geographic Scope.  The geographic scope of this Agreement is worldwide.

(d)     Authority.  Each Party represents and warrants that it has full authority to enter into this Agreement.  Each Party knowingly enters into this Agreement, has the legal capacity to enter into this Agreement and to carry out all obligations and requirements herein, and consulted or had the opportunity to consult with counsel to approve the form and content of this Agreement.

(e)     Entire Agreement.  This Agreement constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes all other understandings and agreements between them, whether written or oral.

(f)     No Oral or Implied Modification or Waiver.  This Agreement may not be changed, modified, extended, terminated, or discharged except in a writing signed by all Parties.  No Party shall be deemed to have waived any of its rights hereunder except in a writing signed by all Parties and specifically referring to this Agreement and the right that is being waived.

(g)     Severability.  If any part, term, or provision of this Agreement shall be declared invalid, void, or unenforceable by a court of competent jurisdiction, all remaining parts, terms, and provisions shall remain in full force and effect, this Agreement shall not be invalidated, impaired, or affected, and this Agreement shall be interpreted as if such provision were omitted.  The invalidity of this Agreement in any one jurisdiction shall not affect the validity of this Agreement in any other jurisdiction.  For any provision deemed invalid or unenforceable, the Parties agree to the substitution of a new provision as like to the original in terms of purpose and effect as may be permitted by law.

19.02.26 11:23 PM   iris & eileens                    5614884818                              P  1/ 1
Feb. 26. 2019 10:50AM   PNC Bank                                              No. 3943   P. 7

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below:

CARTIER INTERNATIONAL AG

By: _____
Name: **Gérard BAREILLE**
Title: **Authorized Attorney**
Date: **Feb. 27, 2019**

IRIS & EILEEN'S FINE JEWELRY, INC.

By: _____
Name: Iris Seckendorf
Title: Pres.
Date: Feb. 26, 2019

CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC.

By: _____
Name: Joshua Lipman
Title: AVP Legal + Managing Counsel
Date: 2/27/19

6

# Exhibit A

{F2942507.2 }

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CARTIER INTERNATIONAL AG and CARTIER, a division of RICHEMONT NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IRIS & EILEEN'S FINE JEWELRY, INC., <br><br> Defendant. | Civil Action No. 18-CV-80921(RLR) |

## STIPULATION OF DISMISSAL

The parties to this matter have entered into a Settlement Agreement that resolves all claims and defenses asserted in this action. A copy of the fully executed Settlement Agreement is attached hereto as Exhibit 1.

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties hereby stipulate, by their undersigned counsel, that this action is dismissed without prejudice, and that each of the parties shall bear its own costs and attorneys' fees in this action.

The effectiveness of this Stipulation of Dismissal is conditioned upon the Court's entry of an order in which the Court finds that the Settlement Agreement is fair and reasonable, approves the Settlement Agreement, and retains jurisdiction to enforce the terms of the Settlement Agreement.

{F2942507.2 }

| | |
|---|---|
| Dated:  February __, 2019 | Respectfully submitted, |
| **MARK STEIN LAW** | **LAW OFFICES OF STEPHEN M. COHEN, P.A.** |
| By:_____ | By:_____ |
| 2999 N.E. 191st Street, Suite 330<br>Aventura, Florida 33180<br>Tel.: (305) 356-7550<br>Email: mark@markstein.com | 4500 PGA Boulevard, Suite 104<br>Palm Beach Gardens, Florida 33418<br>Tel.: (561) 624-2201<br>Email: stephen@smcohenlaw.com |
| *Attorneys for Plaintiffs Cartier International AG and Cartier, a division of Richemont North America, Inc.* | *Attorneys for Defendant Iris & Eileen's Fine Jewelry, Inc.* |

{F2942507.2 }